**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SHAWNTA WORTHAM**                                                                          **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 4:26-cv-00019-RPC-JMV**

**MICHAEL MCFARLAND,
GILSTER-MARY LEE CORPORATION,
ACE PROPERTY AND CASUALTY INSURANCE
COMPANY and JOHN DOES 1-5**                                                   **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on the separate Motions to Dismiss of Defendants Gilster-Mary Lee Corporation ("GML") and Michael McFarland ("McFarland") [Docs. 12, 19] and Plaintiff Shawnta Wortham's ("Wortham") Motion for Extension of Time to Perfect Service of Process. [Doc. 25]. GML seeks dismissal of Wortham's Amended Complaint [Doc. 2] pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for insufficient process and insufficient service of process. McFarland separately seeks dismissal of the Amended Complaint pursuant to Rule 12(b)(5) for insufficient service of process. [Doc. 19]. Plaintiff Shawnta Wortham ("Wortham") has also moved for an extension of time to perfect service. [Doc. 25]. Having considered the arguments and memoranda of authorities submitted by the parties, the Court **GRANTS** Wortham's request for extension of time to perfect process; **DENIES** *without prejudice* GML's Motion to Dismiss; and **DENIES** McFarland's Motion to Dismiss for the reasons outlined below.

<u>**FACTS AND PROCEDURAL HISTORY**</u>

This action arises from a motor vehicle accident that occurred on August 28, 2023, involving Wortham and McFarland. As a result of the accident, Wortham filed this action in the Circuit Court of Sunflower County on October 27, 2025, against McFarland, GML, and Gallagher

Bassett Services, Inc., seeking damages for past, present, and future medical expenses; physical injury; permanent injuries; emotional distress; mental anguish; property damage; loss of enjoyment of life; and punitive damages. Wortham alleges that on the day of the accident, McFarland rear-ended her vehicle while it was parked at Love's Truck Stop located at 1212 Highway 82 East in Indianola, Mississippi.

Following the filing of her initial complaint [Doc. 7-3], the state court clerk issued summonses for GML and McFarland. Before GML or McFarland was served with the summons and complaint, Wortham filed an Amended Complaint [Doc. 2] on January 30, 2026, adding their insurer Ace Property and Casualty Insurance Company ("Ace") as a party to the suit.[1] On February 4, 2026, the state court clerk issued Alias Summonses for GML, McFarland, and Ace. On February 6, 2026, Wortham served a part-time office worker at GML's Perryville Cake Plant, with a copy of GML's Alias Summons and the Amended Complaint. [Docs. 12-1 at 3, 22]. Thereafter, GML removed the action to this Court on February 13, 2026.[2]

GML filed its Motion to Dismiss and supporting memorandum on March 2, 2026, arguing that Wortham failed to properly effectuate service of process and that service was not effected upon an individual authorized to accept service on its behalf. [Docs. 12, 13]. On March 26, 2026, federal summonses were issued for GML, McFarland, and Ace. [Doc. 18]. On April 10, 2026, McFarland was served, via residence service, with a copy of the federal summons and Amended Complaint and later filed his Motion to Dismiss and memorandum in support on May 1, 2026. [Docs. 19, 20]. McFarland acknowledges this service in his motion to dismiss. Like GML,

---

[1] Gallagher Bassett Services, Inc. was removed from the suit.

[2] It is worthy of note that this cause was removed prior to the running of the 120-day time limitation for service on the original Complaint, much less the Amended Complaint.

McFarland argued that dismissal was warranted due to insufficient service of process.[3]  On May 12, 2026, Wortham filed a Motion for Extension of Time to Perfect Service of Process, requesting an additional fifteen days to perfect service of process on the defendants.  [Doc. 25].

Accordingly, the sole issues for consideration by this Court are whether the process served on GML and McFarland was insufficient and whether Wortham is entitled to additional time to perfect service.

## STANDARD OF REVIEW

"Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) authorize the filing of a motion to dismiss for, respectively, insufficient process and insufficient service of process." *Poston v. Wood*, No. 4:24-CV-117-DMB-JMV, 2026 WL 867505, *2 (N.D. Miss. Mar. 30, 2026).  "Generally speaking, a motion under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Id*.  (internal citations omitted).  "Once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Id*.  "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *Foster v. Rescare, Inc*, No. CV 16-670, 2016 WL 3388387, *1 (E.D. La. June 20, 2016)

## ANALYSIS

### A.  McFarland's Motion to Dismiss

McFarland argues that dismissal of Wortham's amended complaint is proper under Rule 12(b)(5) because "pursuant to Mississippi Rule of Civil Procedure 4(h)[4], the deadline for service

---

[3] For the purpose of this order the court makes no finding, and McFarland makes no argument, as to the validity of the residential service.

[4] Miss. R. Civ. P. 4(h) states:

on McFarland expired on February 24, 2026," and McFarland was not served until April 10, 2026.

*See* [Doc. 20 at 3]. The Court disagrees with this position. 28 U.S.C. § 1448 specifically provides

that:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, ***such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court***.

28 U.S.C. § 1448 (emphasis added); *see also **Minter v. Showcase Systems, Inc.***, 641 F.Supp.2d

597, 599 (S.D. Miss. 2009).

This action was removed from the Circuit Court of Sunflower County on February 13,

2026. However, prior to removal, McFarland had not been served in the state court action.

McFarland relies on Rule 4(h) of the Mississippi Rules of Civil Procedure to support his position

that Wortham failed to timely serve him within the 120-day period outlined in the rule. It is well

settled, however, that the federal rules govern procedure once a case is removed to a district court.

*See* Fed. R. Civ. P. 81(c)(1).[5]

---

**(h) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

[5] Fed. R. Civ. P. 81(c)(1) states:

**(c) Removed Actions.**
    **(1)** *Applicability.* These rules apply to a civil action after it is removed from a state court.

*Id*.

On March 26, 2026, a federal summons was issued to McFarland. [Doc. 18]. Pursuant to Fed. R. Civ. P. 4(m)[6], Wortham had 90 days to serve McFarland with the federal summons and Amended Complaint. *See Foster v. Rescare, Inc.*, No. CV 16-670, 2016 WL 3388387, *2 (E.D. La. June 20, 2016) (quoting *Rice v. Alpha Sec., Inc.*, 556 Fed.Appx. 257, 260 (4th Cir. 2014)) ("When a case is removed to federal court, a plaintiff may be afforded additional time to complete service or to obtain issuance of new process if, prior to the case's removal, service of process has not been perfected prior to removal, or process served proves to be defective.") (internal citations omitted).

McFarland was served on April 10, 2026, through his wife, Joetta P. McFarland, at their residence, apparently pursuant to Fed. R. Civ. P. 4(e)(2)(B). *See* [Doc. 23]. Because we grant Wortham's motion for extension of time and because McFarland has been served with federal summons, his motion is without merit and is therefore **DENIED**. *See Minter*, 641 F.Supp.2d at *599 (quoting *Bruley v. Lincoln Property Co.*, N.C., Inc., 140 F.R.D. 452 (D.Colo.1991)).

### B. Gilster-Mary Lee Corp.'s Motion to Dismiss

GML seeks dismissal of Wortham's amended complaint under Rules 12(b)(4) and (5). GML is a foreign corporation that exists under the law of the State of Missouri. [Doc. 2]. Accordingly, Fed. R. Civ. P. 4(h)(1)(A) and (B) directs that a corporation, domestic or foreign, must be served:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

---

[6] The relevant portion of Fed. R. Civ. P. 4(m) states:

Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time.

*Id.*

> (B) by delivering a copy of the summons and of the complaint to an officer, a
> managing or general agent, or any other agent authorized by appointment or by
> law to receive service of process and--if the agent is one authorized by statute
> and the statute so requires--by also mailing a copy of each to the defendant . . .

Fed. R. Civ. P. 4(h)(1)(A)-(B). Service upon a corporation may be quashed when the process was not received by an individual specified in the rule.

Here, the record shows that Wortham served the Alias Summons and Complaint for GML on a part-time office worker at GML's Perryville Cake Plant Office. *See* [Doc. 12-1 at 3]. This individual was not an officer, managing agent, or general agent of GML nor was she authorized to accept service for GML. *Id*. In **Miller v. Shellpoint Mortg. Servicing**, the Southern District agreed with holdings of other courts that "at least without some proof of her authority, a receptionist is not the sort of managerial agent who can accept service under Rule 4(h)(1)(B)." No. 3:23-CV-459-DPJ-FKB, 2023 WL 6326730, *2 (S.D. Miss. Sept. 28, 2023) (citing **Juarez v. Mann Bracken, LLC**, No. 4:09-CV-00129, 2009 WL 10666069, at *1 (S.D. Iowa July 7, 2009)); *see also* **Jones v. Cult Awareness Network**, No. 92-2241, 1993 WL 62184, at *1 (D.D.C. Feb. 26, 1993)). Therefore, the Court finds that service on GML was insufficient pursuant to Rule 12(b)(4).

Additionally, Rule 4(h)(1)(A) does not remedy the insufficient service of process on GML. Federal Rules of Civil Procedure Rule 4(e)(1) permits service on an "individual in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . ." Fed. R. Civ. P. 4(e)(1). As previously stated, service was made at GML's cake plant office located in Perryville, Missouri. Accordingly, Mo. Sup. Ct. R. 54.13(b)(3) is applicable and provides:

> (3) *On Corporation, Partnership or Other Unincorporated Association.* Upon a
> domestic or foreign corporation or upon a partnership or other unincorporated

association, when it may be sued as such, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process.

Mo. Sup. Ct. R. 54.13(b)(3). Based on the rule, GML was, likewise, not properly served under Missouri state law. Service on GML was also improper under M.R.C.P. 4(d)(4), which similarly provides that service is proper upon a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." M.R.C.P. 4(d)(4).

As to timeliness, we refer back to the analysis of McFarland's motion. Further, 28 U.S.C. § 1448 specifically provides for circumstances where service has not been *perfected*. Therefore, pursuant to our grant of Wortham's motion for extension of time, GML's motion is hereby **DENIED** *without prejudice*.

C. **Wortham's Motion for Extension of Time**

Given the procedural history of the case, including the timing of removal and Wortham's attempts at service, combined with the lack of prejudice to any party, the court finds it appropriate to grant an extension of time in which to perfect service of process. This extension in no way hinders the rights of the defendants to file a motion in the future arguing that service was not properly effectuated under the rules within the time extended by this order. [7]

## CONCLUSION

Wortham's Motion for Extension of Time to Perfect Service of Process [Doc. 25] is **GRANTED** and Wortham has until **June 4, 2026**, to perfect service in this case. As a result of

---

[7] In GML's Reply in support of its Motion to Dismiss, it argues that Wortham's request for additional time fails because "it does not cite a single case." [Doc. 17]. GML is correct that Wortham failed to point to any authority authorizing the extension of time. However, the Court finds the language of 28 U.S.C. § 1448 and the applicable Federal Rules of Civil Procedure to be clear on the subject.

said extension, and for the reasons outlined above, the Court **DENIES** *without prejudice* GML's motion to dismiss and **DENIES** McFarland's motions to dismiss.

This the 20th day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE