**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SHAWNTA WORTHAM** **PLAINTIFF**

**V.** **NO. 4:26-CV-00019-RPC-JMV**

**MICHAEL MCFARLAND,**
**GILSTER-MARY LEE CORPORATION,**
**ACE PROPERTY AND CASUALTY INSURANCE**
**COMPANY and JOHN DOES 1-5** **DEFENDANTS**

**ORDER DISMISSING ACE PROPERTY AND CASUALTY INSURANCE COMPANY**

On May 26, 2026, this Court entered a Show Cause Order [37], directing the Plaintiff to show cause as to why Defendant, Ace Property and Casualty Insurance Company, should not be dismissed from this cause for failure to prosecute. Importantly, the Show Cause Order set a deadline of May 16, 2026, for the Plaintiff to respond. On May 17, 2026, the Plaintiff filed her response [41]. Apart from the response being untimely, it does not state a reason for the failure other than, basically, a reference that another insurance company has coverage. Nevertheless, in the body of the response, Plaintiff requests that Ace Property and Casualty Insurance Company be dismissed without prejudice.[1] That request is well-taken. Ace Property and Casualty Insurance Company is hereby **DISMISSED without prejudice**. Plaintiff is to bear all costs.[2]

SO ORDERED, this the 14th day of August, 2026.

Robert P. Chamberlin
UNITED STATES DISTRICT JUDGE

[1] It is noted that L.U.Civ.R. 7(b) states that any application for relief must be presented by a motion. Plaintiff's filing does not conform to the rule. It does, however, constitute a response to the Show Cause Order.
[2] In her Response to the Show Cause Order [41], Plaintiff asks for the parties to equally bear the costs. Without an agreement by Ace Property and Casualty Insurance Company, assessing costs against them for Plaintiff's failure to prosecute would be patently unfair.